Townsend and Millikin *v.* Henry et al.

---

TOWNSEND AND MILLIKIN *v.* JOSHUA J. HENRY et al.

Where A. has a judgment of the same date with B.'s judgment against D., and executions are issued upon the two judgments and levied at the same time upon the property of D., and the officer refuses to make a sale under either execution unless he is first indemnified, and A. executes to the officer a bond to indemnify him in selling the property, but B. declines to execute such a bond, and the property is sold in pursuance of such indemnity given. *Held,* that A., who executed the indemnifying bond, will be entitled to a prior satisfaction of his judgment.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

On the 22d of October, 1851, Townsend and Millikin recovered a judgment in the circuit court of Monroe county against John Lawson, for $1,075.06, and on the same day, in the same court, Henrys, Smith, & Townsend recovered a judgment against Dothord & Lawson (of which firm the same John Lawson was a member) for the sum of $1,628.20. On the 30th of October, 1851, executions were issued on both these judgments and placed in the hands of the sheriff, who refused to levy unless the plaintiffs in the executions would indemnify him. Henrys, Smith, & Townsend refused to do so, but on the 13th of December, 1851, Townsend and Millikin indemnified the sheriff with bond and good security, and on that day their execution was levied on a number of negroes and other property of Lawson. On the 18th of December, the execution of Henrys, Smith, & Townsend was levied on the same property.

The property was sold, and the proceeds of the sale were not sufficient to satisfy both executions, and Townsend and Millikin insisted that their judgment should be satisfied first, in preference to that of Henrys, Smith, & Townsend.

The court applied the money to the satisfaction of both judgments equally, and Townsend and Millikin appealed.

*William F. Dowd* for appellants.

The only question for the consideration of this court is, the judgments being equal in their liens, did the fact that Townsend and Millikin first levied their execution, and the fact of their indemnifying the sheriff, entitle them to priority of satisfaction?

If one creditor first sells lands under his judgment, he thereby gains a preference over other judgments of equal date, and is entitled to be first satisfied. In all cases where the judgments are of equal lien, the creditor who first sues out and delivers his execution is entitled to priority of satisfaction. He who first "begins to execute" acquires this priority. *Adams* v. *Dyer*, 8 Johns. 347; *Waterman* v. *Haskins*, 11 Ib. 228, &c.

In the case of *Burney* v. *Boyett*, 1 How. 39, &c., Tuttle's execution was levied three days before the other. By the levy, say the court, the property was changed, the execution was sat-

isfied *pro tanto*, and subsequent levy could only take the remaining interest of the defendant in the property. Tuttle's execution was entitled to the money.

In the case of *Wyatt* v. *Beatty*, 10 S. & M., this court has expressly decided the point, that two judgments being of equal date, the creditor who first levies his execution is entitled to priority of satisfaction. The question cannot be regarded as an open one.

No counsel for appellees.

Mr. Justice FISHER delivered the opinion of the court.

Two executions emanating on judgments rendered on the same day against John Lawson, were placed in the hands of the sheriff of Monroe county.

Lawson's property being incumbered by a deed of trust, the sheriff refused to levy and sell under either execution without first being indemnified. Henrys, Smith, & Townsend refused to give the indemnity, but it was given on demand by Townsend and Millikin; whereupon the sheriff proceeded to sell under the several executions in his hands against the defendant therein.

The question for decision under this state of case is, whether the creditors above named shall share equally the proceeds of the sale, or whether the creditor, who gave the bond of indemnity, shall be first paid.

The facts disclosed by the record present a case in which the sheriff was clearly authorized to demand indemnity, which, when legally demanded, could only be refused by the creditor at his peril. The statute prescribes the course which the sheriff may thereafter pursue in regard to the property. He may restore it to the person from whose possession it had been taken, and this will, together with the other facts, be a legal return on the execution.

From the whole record, it is manifest that the sale of the property was but the result of the superior diligence, risk, and responsibility of Townsend and Millikin. By their bond, the liability of the sheriff is shifted to them; and they are liable,

not only for the amount of the judgment, but for the actual value of the property sold under their execution. It would, under these circumstances, be palpably unjust to permit the parties to share equally the money, when they had refused to divide that responsibility necessary to be assumed to induce efficient action on the part of the officer. Without the indemnity, there would have been no sale; and the defendants in error are only left by this decision in the situation they elected to place themselves.

Judgment reversed; and judgment in this court appropriating the money to the plaintiffs in error.